UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ryan M. Kurenitz,<br>Plaintiff,<br><br>v.<br><br>Stellar Recovery Inc.,<br>Defendant. | COMPLAINT AND<br>DEMAND FOR A JURY TRIAL |

INTRODUCTION

1. This is an action for damages brought by Ryan M. Kurentiz against Stellar Recovery Inc. for its repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and invasions of privacy.

JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because the relevant acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

4. Plaintiff, Ryan Kurentiz, is a natural person who resides in the City of Plymouth, County of Hennepin, and State of Minnesota. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C.

§§ 1692a(3) and 1692k.

5. Defendant, Stellar Recovery, Inc., is a Florida corporation engaged in the business of collecting debts in Minnesota. Defendant's principal place of business is located at 1845 Highway 93 South, Suite 310, Kalispell, Montana, 55901. Defendant is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

## FACTS

### *The Alleged Debt*

6. Sometime prior to July 1, 2011, Plaintiff allegedly incurred a financial obligation, namely an unpaid bill from Comcast ("the Debt" or "alleged Debt"). Plaintiff disputed the validity of the Debt with Comcast, because they failed to properly credit Plaintiff's account for cable equipment he returned to Comcast and programs he cancelled.

7. The alleged Debt was a financial obligation that was primarily for personal, family or household purposes and, therefore, is a "debt" as that term in defined by 15 U.S.C. § 1692a(5).

8. Upon information and belief, on or around July 1, 2011, the debt was assigned, placed or otherwise transferred to Defendant for collection.

### *Use of Artificial or Prerecorded Voice*

9. Throughout the months of July 2011 to January 2012, Defendant made approximately 100 phone calls to Plaintiff's cellular telephone in an effort to collect the alleged Debt.

10. On numerous occasions, Defendant left the following message on

Plaintiff's cellular telephone containing an artificial or prerecorded voice:

> "…for Ryan Kurentiz. If you are not Ryan Kurenitz, please hang up or disconnect. If you are Ryan Kurenitz, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message, you acknowledge you are Ryan Kurenitz. You should not listen to this message, so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 866-860-8796. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 866-860-8796."

11.    These messages violated the TCPA, which prohibits making any call to a cellular telephone which uses an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

### *Abusive Collection Calls*

12.    On November 1, 2011, Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Plaintiff answered Defendant's phone call. A debt collector employed by Defendant demanded payment of the alleged Debt. Plaintiff attempted to explain to the debt collector that he did not owe the debt because Comcast had failed to properly credit his account when he returned equipment and cancelled channels. The debt collector became angry and threatened that Plaintiff's credit would be "destroyed" and Defendant would sue him if he failed to pay the alleged Debt. Plaintiff again stated that he would not pay a debt that he was not legally obligated to pay.

### *Harassment by Automatic Telephone Dialing System*

13.    Throughout the months of July 2011 to January 2012, Defendant made

3

approximately 100 phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

14. The telephone calls contained in paragraphs 15 - 28 of this Complaint are a sample of the phone calls Defendant made to Plaintiff's cellular telephone using an automatic telephone dialing system.

15. On August 5, 2011, at 1:09 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

16. On August 8, 2011, at 4:22 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

17. On August 8, 2011, at 4:22 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

18. On September 21, 2011, at 1:20 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9484.

19. On September 28, 2011, at 4:08 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

20. On October 10, 2011, at 4:41 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone

number displayed on Plaintiff's caller ID was (651) 319-9553.

21. On October 18, 2011, at 8:43 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9484.

22. On November 1, 2011, at 5:46 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 829-8654.

23. On November 10, 2011, at 11:26 a.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 829-8654.

24. On December 3, 2011, at 12:40 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

25. On December 7, 2011, at 9:57 a.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 829-8654.

26. On December 15, 2011, at 10:19 a.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

27. On December 15, 2011, at 5:05 p.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9553.

28. On December 23, 2011, at 9:08 a.m., Defendant made a telephone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (651) 319-9484.

*Repeated Collection Calls to Plaintiff's Parents*

29. Throughout the months of July 2011 to January 2012, Defendants made repeated phone calls to Plaintiff's parents' home telephone number. During these calls an automated voice would announce that they had an "urgent" message for Ryan Kurenitz. The automated call would demand that Plaintiff's parents complete a series of prompts to determine if Plaintiff resided at his parents' home. On numerous occasions, Plaintiff's parents would answer the automated prompts indicating that their son did not reside at their home. After answering the prompts, an employee of Defendant would answer the call and demand to speak with Ryan Kurenitz. Plaintiff's parents would explain that they just completed the automated system, informing Defendant that their son did not live with them. Defendant's employees would then state that they would remove Plaintiff's parents' telephone number from their automatic dialing system. The phone calls, however, continued for several months.

*Emotional Distress*

30. As a result of Defendant's repeated violations of the FDCPA, TCPA and invasions of privacy, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692

31. Plaintiff repeats and incorporates by reference paragraphs 1 - 30.

32. Defendant violated the FDCPA, 15 U.S.C. § 1692, in its attempt to collect the alleged debt from Plaintiff. Defendant's violations include, but are not limited to, the violations described in Paragraphs 33 – 41 of this Complaint.

33. Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a) within five days after Defendant's initial communication with Plaintiff.

34. Defendant violated 15 U.S.C. §§ 1692b by (1) failing to identify themselves and (2) repeatedly communicating with Plaintiff's parents after being told on numerous occasions that Plaintiff did not live with his parents and that they wanted the phone calls to stop.

35. Defendant violated 15 U.S.C. §§ 1692c(b) by communicating with Plaintiff's parents on numerous occasions in an attempt to collect the alleged Debt.

36. Defendant violated 15 U.S.C. §§ 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff and his parents.

37. Defendant violated 15 U.S.C. §§ 1692d(5) by causing Plaintiff and Plaintiff's parents' telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff and his parents.

38. Defendant violated 15 U.S.C. §§ 1692e by using false, deceptive and


misleading representations and means in connection with the collection of the alleged Debt.

39. Defendant violated 15 U.S.C. §§ 1692e(2), 1692e(5) by threatening to sue Plaintiff when Defendant did not intent to take legal action.

40. Defendant violated 15 U.S.C. §§ 1692e(8) by threatening to "destroy" Plaintiff's credit when Defendant knew or had reason to know that the information it was threatening to report was incorrect.

41. Defendant violated 15 U.S.C. §§ 1692f by using unfair and unconscionable means to collect the alleged Debt.

### COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)(1)

42. Plaintiff repeats and incorporates by reference paragraphs 1 - 41.

43. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1)

44. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

45. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

46. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## COUNT III.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

47. Plaintiff incorporates by reference paragraphs 1 – 46.

48. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

49. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

50. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

51. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

9

52. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

53. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

## COUNT I.
### Violations of the Fair Debt Collection Practices Act

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

## COUNT II.
### Violations of the Telephone Consumer Protection Act

4. For a declaration that Defendant's telephone calls to Plaintiff violated the TCPA;

5. For an award of damages consistent with the TCPA, 47 U.S.C. § 227(c)(5)(B);

6. For an award of triple the damages available under 47 U.S.C. § 227(c)(5)(B) for willful or knowing violations of the TCPA;

7.      For a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

8.      Such other or further relief as the Court deems proper;

## COUNT III.
### Invasion of Privacy by Intrusion Upon Seclusion

9.      For an award of actual damages for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

10.     For such other and further relief as may be just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **January 30, 2012**

s/ Mark L. Heaney
Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile: (952) 544-1308
Email: mark@heaneylaw.com
*Attorney for Plaintiff*