UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ryan M. Kurenitz,<br>Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.,<br>Defendant. | Civil No. 12-CV-244 (SRN/JSM)<br><br>**Rule 26(f) Report** |

Counsel for the parties identified below participated in the meeting required by Rule 26(f) of the Federal Rules of Civil Procedure and prepared the following report.

The pretrial conference in this matter is scheduled for June 18, 2012, at 1:30 p.m. before the United States Magistrate Judge Janie S. Mayeron in chambers in Room 632, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

    a. The date and place at which the meeting was held;

    b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorney who represented each party at the meeting:

    **Plaintiff, Ryan Kurenitz, was represented by Mark L. Heaney, Heaney Law Firm, LLC, 13911 Ridgedale Drive, Suite 110, Minnetonka, Minnesota 55305, (952) 933-9655.**

    **Defendant, Stellar Recovery, was represented by Benjamin N. Hutnick, Berman & Rabin, P.A., 15280 Metcalf, Overland Park, Kansas 66223, (913) 649-1555, and James R. Bedell, Moss & Barnett, P.A., 4800 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, (612) 877-5310.**

    c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

      **Stellar Recovery:**
         **Federal Insurance Company**
             **$1,000,000.00 limit of coverage for acts before August 31, 2011**
             **$3,000,000.00 limit of coverage for acts after August 31, 2011**

    d. An agenda of matters to be discussed at the Pretrial Conference.

**Discovery schedule. Consolidation of this matter into S**_teven & Maryanne Kurenitz v. Stellar Recovery, Inc._**, Court File No.: 12-cv-00246-PJS-JJK (D. Minn.)**

**2. Description of the Case**

    a. A concise statement of the jurisdictional basis for the case, giving statutory citation and a brief narrative description;

**Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.**

    b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

**Plaintiffs allege that the Defendant, Stellar Recovery, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"), violated the Telephone Consumer Protection Act ("TCPA"), 47 § U.S.C. 227 et seq., and invaded Plaintiff's privacy by intruding on their seclusion when Defendant repeatedly made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and artificial or prerecorded voice in an attempt to collect a Debt. In addition, Defendant repeatedly placed telephone calls to Plaintiff's parents after being told that Plaintiff did not reside at their home.**

**Defendant alleges that it did not violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), 47 § U.S.C. 227 et seq., or invade Plaintiff's privacy by intrusion upon seclusion. Defendant further alleges that it had prior express consent to call Plaintiff's cellular phone, that any call(s) to Plaintiff's parents were to obtain incomplete location information, and that any potential violation of the FDCPA was attributable to *bona fide error*.**

  c. A summary itemization of the dollar amount of each element of the alleged damages.

**Plaintiff is entitled to recover an award of statutory damages in an amount not to exceed $1000.00 under 15 U.S.C. §1692k(a)(2)(A) and actual damages, as determined by a jury, under 15 U.S.C. §1692k(a)(1). In addition, Plaintiffs are entitled to recover reasonable attorney's fees and costs as determined by the Court, under 15 U.S.C. §1692k(a)(3).**

**Plaintiff is entitled to recover an award of statutory damages of $500.00 for each phone call Defendant placed in violation of the TCPA, under 47 § U.S.C. 227(c)(5)(B). Plaintiff is entitled to an award of triple the damages for willful and knowing violations, under 47 U.S.C. § 227(c)(5)(B).**

3. <u>**Pleadings**</u>

  a. Statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

**A Complaint and Answer have been filed.**

    b.  The date by which all motions that seek to amend the pleadings or add parties will be filed; and

**September 17, 2012**

    c.  Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**A jury trial is available under Seventh Amendment to the United States Constitution. The Plaintiff has demanded a jury trial in his Complaint.**

4. **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay.

    a.  Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

**July 2, 2012**

    b.  Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced, and if not, when the parties believe that alternative dispute resolution would be appropriate. In addition, state the proposed method of alternative dispute resolution;

**The Parties do not wish to engage in alternative dispute resolution prior to formal discovery. ADR may be appropriate after the parties have conducted preliminary discovery.**

    c.  Whether discovery should be conducted in phases (e.g., to first discovery information bearing on dispositive issues or on settlement), or limited to or focused upon, particular issues;

**The Parties do not request that discovery be conducted in phases or limited to particular issues.**

    d. How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

**Electronically stored information should be disclosed in a readable and full searchable electronic format.**

    e. How the parties propose handling claims of privilege and protection of trial preparation material;

**If either party believes a Protective Order is necessary, the parties will jointly submit a proposed Protective Order.**

    f. How the parties propose handling the protection of confidential information;

**The Parties will provide the Court with a proposed protective order.**

    g. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts;

**Plaintiff will disclose the identity of expert witnesses on or before October 10, 2012, and serve the experts' reports on Defendant on or before November 9, 2012.**

**Defendant will disclose the identity of expert witnesses on or before November 9, 2012, and serve the experts' reports on Plaintiff on or before December 10, 2012.**

    h. Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any;

**No changes are necessary.**

    i. The number of interrogatories each party shall be permitted to serve, including subparts;

    **25 interrogatories to each party.**

    j. The number of depositions (excluding the depositions of expert witnesses) each party shall be permitted to take; and

    **Five depositions.**

    k. The number of expert depositions each party shall be permitted to take.

    **Two expert depositions by each party.**

5. **Close of Discovery and Expert Discovery and Non-Dispositive Motions**

    a. The date by which all fact discovery shall be completed;

    **January 25, 2013**

    b. The date by which all expert discovery, including expert depositions, shall be completed;

    **January 25, 2013**

    c. The date by which any independent medical examination shall be completed and the report served on the opposing party; and

    **January 25, 2013**

    d. The date by which all non-dispositive motions shall be served, filed and heard by the Court.

    **February 22, 2013**

6. **Dispositive Motions and Trial**

    a. Date by which all dispositive motions shall be served, filed and heard by the Court;

    **May 1, 2013**

    b. Date by which case will be ready for trial;

**July 1, 2013**

c. The number of expert witnesses each party expects to call at trial; and

**Two experts.**

d. Estimated trial time (the number of days need for trial, including jury selection and instructions, if applicable).

**Three days.**

**HEANEY LAW FIRM, LLC**

Dated:                                /s/ **Mark L. Heaney**
                              Mark L. Heaney (Atty. No. 333219)
                              13911 Ridgedale Drive, Suite 110
                              Minnetonka, Minnesota 55305
                              Telephone:   (952) 933-9655
                              Facsimile:    (952) 544-1308
                              Email:         mark@heaneylaw.com

                              *Attorney for the Plaintiff*


Dated: June 5, 2012                /s/ Benjamin N. Hutnick
                              Benjamin N. Hutnick, *Pro Hac Vice*
                              KS SC#23666
                              Berman & Rabin, P.A.
                              15280 Metcalf
                              Overland Park, KS  66223
                              P: (913) 649-1555
                              F: (913) 652-9474
                              bhutnick@bermanrabin.com
                              *Attorney for the Defendant*